UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                        :
JM HOLDINGS 1 LLC, *et al*.,                            :
                                                        :           20-CV-3480 (JPO)
                                      Plaintiffs,       :
                                                        :              ORDER
                   -v-                                  :
                                                        :
QUARTERS HOLDING GMBH,                                  :
                                                        :
                                      Defendant.        :
                                                        :
------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

        JM Holdings 1 LLC ("JM") and Cedar Holdings, LLC ("Cedar"), brought this action

against Quarters Holding GmbH ("Quarters"), alleging breach of contract and other related

claims.  Now, JM and Cedar (together, "Plaintiffs") move for entry of a final default judgment

against Quarters in the amount of $8,783,337.58 [post-judgment interest is automatic, so no need

to say anything about it; pre-judgment interest is not automatic].  For the reasons that follow, the

motion is granted.

**I.      Background**

        The following background facts are taken from the amended complaint.  (*See* Dkt. No. 16

("Compl.").)  For a more detailed recitation of the relevant facts, see the Court's prior opinion

and order denying Quarters' motions to dismiss and to impose sanctions.  (*See* Dkt. No. 38.)

        This case concerns a multifamily property located at 251 DeKalb Avenue in Brooklyn,

New York, which Plaintiffs own and manage.  (Compl. ¶¶ 1,7-9, 18.)  In July of 2019, Plaintiffs

agreed to lease the property to a shell company controlled by Quarters.[1]  (Compl. ¶¶ 11-13, 21.)
As part of the agreement, Plaintiffs agreed to renovate the property.  (Compl. ¶¶ 21, 22.)  These
renovations were originally to have been completed by the end of November 2019, but
construction delays pushed them into early 2020.  (Compl. ¶¶ 22, 24.)  Through these delays,
Quarters represented that it still intended to occupy the property and encouraged Plaintiffs to
continue investing in renovations.  (Compl. ¶¶ 26, 27.)

Then, COVID-19 hit New York City and Quarters reversed course.  Quarters refused to
sign a certificate that Plaintiffs needed to obtain financing unless Plaintiffs stipulated that they
were in default for failing to complete renovations by the originally projected date of November
30, 2019, or they signed a "side-letter" to that effect.  (Compl. ¶¶ 32, 38-40.)  When Plaintiffs
refused, Quarters informed them it would be terminating the lease.  (Compl. ¶ 41.)

Plaintiffs brought this action on May 4, 2020, alleging that Quarters breached its guaranty
of the lease and acted in bad faith.  (*See* Dkt. No. 1.)  Quarters appeared and moved to dismiss on
May 22, 2020, after which Plaintiffs filed an amended complaint on June 12, 2020.  (*See* Dkt.
Nos. 7-12, 16.)  Quarters again moved to dismiss and for sanctions.  (*See* Dkt. Nos. 17, 25.)  This
Court denied both of Quarters' motions on March 8, 2021, and directed Quarters to answer,
which Quarters did on March 29, 2021.  (*See* Dkt. Nos. 38, 43.)  Though Quarters had waived
challenge to service of process by appearing in the action, Plaintiffs served Quarters under the
Hague Convention on September 16, 2021, and filed proof of this service on the docket on
September 30, 2020.  (*See* Dkt. No. 59-1.)

---

[1] The shell company is Medici 251 DeKalb LLC ("Medici").  Because Medici is a shell
company, Plaintiffs in fact dealt solely with agents of Quarters.  For the sake of simplicity, the
Court here uses "Quarters" to refer to both Quarters and Medici.  (*See* Dkt. No. 22 at 9.)

On April 21, 2021, the Court granted the request of Quarters' counsel, Akerman LLP, to withdraw as counsel and ordered Quarters to have new counsel appear within 30 days or risk default.  (*See* Dkt. 48.)  Akerman served this order on a Quarters representative on August 22, 2021.  (*See* Dkt. No. 49.)  Yet no new counsel appeared, and Quarters ceased its defense in this action.  On October 10, 2021, the Clerk of Court entered a certificate of default.  (*See* Dkt. No. 60.)  Plaintiffs moved for a default judgment against Quarters on October 15, 2021 and served the default judgment papers on Quarters by mail on October 18, 2021.  (*See* Dkt. Nos. 61, 64.)

## II.    Discussion

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor."  *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quotation marks omitted).  Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law."  *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).  "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability."  *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)).

Notably, this Court has already concluded that Plaintiffs adequately pleaded their allegations in the Complaint.  (*See* Dkt. No. 38 at 11-13, denying Quarters' Motion to Dismiss the Complaint.)  "To determine whether the plaintiff's allegations are well pleaded [for purposes of a default judgment], the Court applies the same standards that govern a motion to dismiss

3

under [Rule] 12(b)(6)." *Conan Props. Int'l LLC v. Sanchez*, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing *Steginsky v. Xclera Inc.*, 741 F. 3d 365, 368 (2d Cir. 2014)).  Therefore, the Court concludes that Quarters' liability has been established as a matter of law and Plaintiffs are entitled to the relief they seek.  Plaintiffs seek $8,783,337.58 in monetary relief, which is the amount of the base rent for the duration of Quarters' aborted lease, less the amount Quarters had already paid as a security deposit.  (*See* Dkt. No. 62-5.)

## III.    Conclusion

For the foregoing reasons, Plaintiffs' motion for default judgment is GRANTED. Plaintiffs are awarded judgment against Quarters in the amount of $8,783,337.58, plus post-judgment interest at the statutory rate.  The Clerk of Court is directed to enter judgment accordingly.

The Clerk is respectfully directed to close the motion at Docket Number 61, to enter final judgment, and to close this case.  Plaintiffs are directed to serve a copy of this Order on Quarters.

SO ORDERED.


Dated:  September 13,2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge